JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 14-0759-DOC (ANx)      Date: June 17, 2014

Title: MANOJKUMAR BHAKTA AND PRITIBALA BHAKTA V. ALEXIS ALTAMIRANO AND GEMMA ALTAMIRANO

PRESENT: THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                       None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION TO STATE COURT**

On May 21, 2014, the Court issued an order to show cause as to why the Court should not remand the action back to Orange County Superior Court. Minute Order, May 21, 2014 (Dkt. 5). The Court explained that, "by all appearances, this suit is an unlawful detainer action that raises only state law questions."

Defendant Alexis Altamirano filed a response on June 13, 2014, arguing that the eviction proceedings were instituted because of Mr. Altamirano's race and, therefore, violate the U.S. Constitution and the Federal Housing Act. *See* Def.'s Response at 1–2 (Dkt. 8). In short, he argues that the Court has federal question jurisdiction over the suit. *See id.*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They are obligated to examine jurisdictional issues sua sponte when it appears that they lack subject matter jurisdiction. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Generally, federal jurisdiction arises in two ways: (1) from the presence of a federal question or (2) from diversity of the parties. *See* 28 U.S.C. §§ 1331, 1332.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0759-DOC (ANx)                                                             Date: June 17, 2014

Page 2

"Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (citing *Lousville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). In other words, as the Ninth Circuit has explained, "federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *JustMed, Inc. v. Bryce*, 600 F.3d 1118, 1124 (9th Cir. 2010). "The mere existence of a federal defense to a state law claim is insufficient to create federal jurisdiction over a case." *United States v. City of Arcata*, 629 F.3d 986, 990 (9th Cir. 2010). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Mr. Altamiro presents only potential defenses or counterclaims. *See* Def.'s Response at 1–2; Ntc. of Removal. There is no federal question on the face of the well-pleaded complaint. Therefore, the Court does not have jurisdiction over this action.

Accordingly, this action is REMANDED back to the Orange County Superior Court. The hearing set for June 23, 2014 is removed from the calendar.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                      Initials of Deputy Clerk: jcb
CIVIL-GEN